IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50441
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DON CHRISTOPHER SIMS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-91-CR-169-1
- - - - - - - - - -

January 26, 1999

Before WISDOM, DUHE', and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Don Christopher Sims appeals the district court's imposition of a 36-month sentence following the revocation of his supervised release. Sims contends that the 36-month sentence was plainly unreasonable in view of his merely technical violations of his supervised release. Sims' supervised release was imposed as part of his sentence for his conviction of possession of more than five grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it is punishable by up to 40 years of imprisonment under 21 U.S.C. § 841(b)(1)(B)(iii). See 18 U.S.C. § 3559(a)(2). Upon revocation of supervised release of a defendant who had been convicted of a Class B felony, a defendant may be sentenced to a prison term of up to 36 months. 18 U.S.C. § 3583(e)(3). Therefore, the district court had the discretion to sentence Sims to a term of up to 36 months of imprisonment. The applicable guideline range of four to ten months in Chapter 7 of the United States Sentencing Guidelines is advisory only. United States v. Escamilla, 70 F.3d 835 (5th Cir. 1995). The district court determined that a lesser term would be inadequate because Sims continually violated the terms of his supervised release and indicated to his probation officer that he was unwilling to comply with the terms in the future. Further, § 7B1.4 of the Guidelines provides that a court may depart upward in imposing a sentence upon revocation of supervised release if the original sentence was the result of a downward departure for substantial assistance. See § 7B1.4, comment. (n.4). In the instant case, the Government filed two separate motions for downward departures based on Sims' substantial assistance, and the district court granted both motions and reduced Sims' sentence. Sims has not shown that the district court's imposition of a 36-month sentence following the revocation of his supervised release was plainly unreasonable. United States v. Rodriquez, 23 F.3d 919, 920 (5th Cir. 1994).

    AFFIRMED.